Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ENID M. VALENTÍN COLLAZO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Recurrido | TA2025RA00330 | Revisión procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: 2024-10-0729<br><br>Sobre: Retribución |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Por considerarlo tardío, la Comisión Apelativa del Servicio Público ("CASP") desestimó un recurso mediante el cual se solicitó el pago de un diferencial por interinato. Según se explica a continuación, concluimos que la CASP actuó correctamente, pues su ley habilitadora claramente dispone el término jurisdiccional aplicable (30 días), y no hay controversia sobre el hecho de que la recurrente presentó su recurso ante dicha agencia luego de expirado el mismo.

I.

Mediante una misiva con fecha de 5 de diciembre de 2022, la Sa. Enid Valentín Collazo (la "Empleada" o "Recurrente") fue designada para ejercer interinamente como Directora de la Oficina de Presupuesto y Finanzas del Departamento de Transportación y Obras Públicas ("DTOP"), a partir de esa misma fecha. Subsecuentemente, a solicitud de la propia Empleada, la designación concluyó el 16 de abril de 2023.

El **7 de junio de 2023**, la Empleada le cursó a la entonces Secretaria del DTOP una carta en la cual reclamó el pago de un diferencial por interinato, a tenor con lo establecido en el Artículo 7, Sección 7.2 de la Ley Núm. 8-2017, según enmendada ("Ley 8-2017"), 3 LPRA sec. 1473a.

El **11 de octubre de 2023**, la Empleada dio seguimiento a su solicitud mediante un correo electrónico dirigido a la Secretaria del DTOP.

Al no recibir contestación alguna, el **13 de noviembre**, la Empleada presentó una comunicación escrita ante la Oficina de Recursos Humanos del DTOP. Ante la falta de respuesta, el **18 de diciembre**, la Empleada le cursó a dicha Oficina otro correo electrónico para conocer el estatus de su solicitud.

Transcurridos casi diez (10) meses desde esta última comunicación, el **8 de octubre de 2024**, la Empleada presentó ante CASP la apelación de referencia; solicitó que se le ordenase al DTOP el pago de un diferencial mensual de $1,967.00, por el tiempo que duró el interinato.

El 13 de febrero, la Oficial Examinadora rindió un *Informe de la Oficial Examinadora* (el "Informe"). En dicho Informe, se consignaron las siguientes determinaciones de hechos:

1. El 5 de diciembre de 2022, la Autoridad Nominadora de la APELADA suscribió una comunicación escrita, notificando a la APELANTE que, desde ese día, ejercería las funciones de Directora de la Oficina de Presupuesto y Finanzas, de forma interina. Esta designación no alteraría sus derechos previamente adquiridos en el servicio público.

2. El 11 de abril de 2023, la APELANTE remitió un correo electrónico a la Autoridad Nominadora de la APELADA, notificando que, efectivo el 17 de abril de 2023, se reinstalaba a sus funciones como Subdirectora de la Oficina de Presupuesto y Finanzas.

3. El 7 de junio de 2023, la APELANTE suscribió una comunicación escrita dirigida a la autoridad nominadora de la APELADA, Hon. Eileen M. Vega Vélez, solicitando el pago de un diferencial por interinato conforme a la Ley Núm. 8-2017.

4. El 11 de octubre de 2023, la APELADA dio seguimiento a su solicitud mediante un correo electrónico dirigido a la Autoridad Nominadora de la APELADA; el 13 de noviembre de 2023, presentó una nueva comunicación en la Oficina de Recursos Humanos sobre el estatus de su reclamo; y el 18 de diciembre de 2023, volvió a dar seguimiento a su reclamo mediante un correo electrónico.

5. La APELANTE no recibió una respuesta de la APELADA en torno a su solicitud de diferencial por interinato, por lo que presentó el 8 de octubre de 2024 su Apelación.

La Oficial Examinadora concluyó que la CASP carecía de jurisdicción para atender el reclamo sobre el pago del diferencial debido a que la Empleada presentó su escrito fuera del término jurisdiccional de treinta (30) días disponibles para ello.

El 30 de junio, la CASP notificó una *Resolución* en la cual acogió el *"Informe"* y desestimó la apelación de la Empleada por falta de jurisdicción.

No conteste con el resultado, el 21 de julio (lunes), la Recurrente instó una *Moción de Reconsideración*. Arguyó que el término correspondiente para atender su reclamo es el de tres (3) años que establecía el Artículo 1867 del entonces vigente Código Civil de 1930, 31 LPRA sec. 5297. Por consiguiente, sostuvo que la CASP sí tenía jurisdicción para atender su reclamación. El 29 de julio, la CASP acogió dicha *Moción* para estudio.

El 2 de octubre, la CASP notificó una *Resolución* mediante la cual denegó la solicitud de reconsideración. Concluyó que al caso le aplicaba el término jurisdiccional de treinta (30) días establecido por ley. Véase Plan de Reorganización Núm. 2-2010, *infra* y la Sección 1.2(a) del Reglamento Procesal Núm. 7313, *infra*.

En desacuerdo, el 3 de noviembre (lunes), la Recurrente interpuso el recurso de referencia; formula el siguiente señalamiento de error:

PRIMER ERROR: ERRÓ LA COMISIÓN APELATIVA DEL SERVICIO PÚBLICO AL DESESTIMAR POR FALTA DE

JURISDICCIÓN LA APELACIÓN PRESENTADA POR LA RECURRENTE, SRA. ENID VALENTÍN COLLAZO, LO CUAL CONSTITUYE UN FRACASO DE LA JUSTICIA.

En esencia, la Empleada reproduce lo planteado ante la CASP en cuanto al término prescriptivo que considera aplicable. El DTOP presentó un alegato en oposición. Resolvemos.

II.

El Plan de Reorganización Núm. 2 de 2010 (la "Ley Orgánica") creó la CASP con el propósito de establecer "un nuevo foro administrativo cuasijudicial, especializado en asuntos obrero-patronales y del principio de mérito, en el que se atenderán casos laborales, de administración de recursos humanos y de querellas". Véase, Declaración de Política Pública, Art. 2 de la Ley Orgánica, 3 LPRA Ap. XIII.

La Ley Orgánica también dispone que la CASP tendrá jurisdicción apelativa para atender reclamaciones surgidas como consecuencia de las acciones o decisiones del patrono bajo la Ley 8-2017, *supra*. Art. 12 de la Ley Orgánica, *supra*. De igual forma, el Artículo 14 de la Ley Núm. 66 de 17 de junio de 2014, según enmendada, Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico (Ley 66-2014), expresamente le otorga a la CASP la jurisdicción primaria exclusiva "para atender apelaciones surgidas como consecuencia de acciones o decisiones tomadas […], de aquellos empleados cubiertos o no cubiertos por las disposiciones de […] la Ley de Relaciones del Trabajo para el Servicio Público; así como de aquellos empleados no organizados sindicalmente […]".[1]  3 LPRA sec. 9120.

---

[1] La Ley 8-2017 derogó la ley citada en el Art. 14 de la Ley 66-2014: Ley Núm. 184-2004, según enmendada, Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico.

Asimismo, el Artículo 13 de la Ley Orgánica, *supra,* establece claramente el término jurisdiccional para acudir a la CASP. En específico, dispone:

> El procedimiento para iniciar una querella o apelación por una parte adversamente afectada en aquellos casos contemplados bajo el Artículo 12 de este Plan será el siguiente:

> La parte afectada deberá presentar escrito de apelación a la Comisión dentro del **término jurisdiccional de treinta (30) días,** contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o **desde que advino en conocimiento de la acción o decisión por otros medios**. [...] (Énfasis provisto).

Por su parte, el Artículo I, Sección 1.2, del Reglamento Núm. 7313 del 7 de marzo de 2007, Reglamento Procesal de la CASP, establecía el término jurisdiccional para la presentación de solicitudes de apelación ante la CASP.[2] En específico, disponía:

> a. La solicitud de apelación se radicará en la Secretaría de la Comisión **dentro del término jurisdiccional de treinta (30) días consecutivos** a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o **desde que advino en conocimiento de la acción o decisión por otros medios**.

> b. **De no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión**. (Énfasis suplido).

---

[2] Recientemente, el 19 de octubre de 2025, entró en vigor el nuevo Reglamento Procesal de la Comisión Apelativa del Servicio Público, Reglamento Núm. 9697. En lo atinente a la controversia que atendemos, el Art. 8.3 de dicho reglamento contiene un lenguaje similar al Artículo 13 de la Ley Orgánica, *supra,* en cuanto al término para presentar una apelación ante la CASP:

> Todo escrito inicial deberá ser presentado dentro del término jurisdiccional de treinta (30) días calendario, contados a partir de la fecha en que:
> 1. La acción o decisión de la Autoridad Nominadora o de la Oficina objeto de apelación se le notificó por correo ordinario, personalmente, facsímile o correo electrónico; o
> 2 **desde que advino en conocimiento de la acción o decisión de la Autoridad Nominadora o de la Oficina objeto de apelación por otros medios**. (Énfasis suplido).

III.

De otra parte, en lo atinente al alcance de la revisión judicial de las determinaciones de las agencias administrativas, la Sección 4.5 de la Ley Núm. 38-2017 ("LPAU"), 3 LPRA sec. 9675, establece lo siguiente:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Así pues, la revisión judicial de una decisión administrativa se ciñe a analizar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. *Katiria's Café, Inc. v. Mun. Aut. de San Juan*, 2025 TSPR 33 a la pág. 11, 215 DPR __ (2025), citando a *Pagán Santiago et al. v. ASR,* 185 DPR 341, 358 (2012). Por su parte, en cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. *Vázquez et al. v. DACo*, 2025 TSPR 56 a la pág. 31, 215 DPR ___ (2025); Véase, además, Sec. 4.5 de la LPAU, *supra.*

La deferencia a la determinación de una agencia administrativa cede cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos

constitucionales fundamentales. *Jusino Rodríguez v. Junta de Retiro*, 2024 TSPR 138 a la pág. 7, 215 DPR __ (2024) (Citas omitidas).

Destacamos que la evidencia sustancial se define como la "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953). A su vez, se desprende de la sección precitada que el expediente administrativo constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la subsiguiente revisión judicial. Véase, además, Sección 3.18 de la LPAU, 3 LPRA sec. 9658; *Graciani Rodríguez*, 202 DPR a la pág. 128.

IV.

Concluimos que, tal como lo determinó CASP, el término jurisdiccional aplicable es el de 30 días dispuesto en la Ley Orgánica. La Ley Orgánica establece taxativamente que el término jurisdiccional es de treinta (30) días y que el mismo comienza a transcurrir cuando ocurre una de dos cosas: 1) notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita; o 2) **desde que la parte afectada advino en conocimiento de la acción o decisión por otros medios**. Asimismo, la Sección 1.2 del Artículo 1 del Reglamento 7313, vigente al momento de los hechos, también establecía que, de no recibirse respuesta de la agencia en los sesenta (60) días siguientes a presentarse un reclamo por escrito, la parte afectada tenía un término jurisdiccional de treinta (30) días, contados a partir del vencimiento de dicho término de sesenta (60) días, para presentar su apelación.

En el caso de autos, el 7 de junio de 2023, la Empleada por primera vez reclamó por escrito el pago de un diferencial. El DTOP guardó silencio durante el periodo de sesenta (60) días que dispone la Sección 1.2(b) del Artículo 1 del Reglamento 7313. Dicho término venció el 7 de agosto de ese año. A partir de ese momento, comenzó a decursar el término jurisdiccional de treinta (30) días para que la Empleada instara una apelación ante la CASP. Dicho término culminó el 6 de septiembre de 2023. No obstante, la Empleada no instó su recurso ante CASP hasta más de un año después (octubre de 2024).

En efecto, luego de su primera reclamación al DTOP en junio de 2023, y en lugar de recurrir ante la CASP, la Empleada presentó tres (3) comunicaciones escritas adicionales ante el DTOP. Incluso, aun si tomáramos la fecha de la última comunicación escrita cursada por la Empleada a dicha agencia como el punto de partida para analizar la jurisdicción de la CASP, la apelación habría sido presentada fuera del término jurisdiccional. Ello porque la última comunicación escrita de la Empleada al DTOP fue enviada el 18 de diciembre de 2023, pero la apelación fue presentada el 8 de octubre de 2024.

Contrario a lo planteado por la Empleada, el término aquí aplicable es el dispuesto por la Ley Orgánica, que es la ley especial, y no el dispuesto por el Código Civil, que es la ley general. En efecto, este último término aplica solamente "en ausencia de un término prescriptivo en la legislación especial aplicable…". *Acevedo Arocho v. Dpto. Hacienda y otros*, 212 DPR 335, 357 (2023). Además, y en todo caso, por su propio texto, el Código Civil no aplicaría, pues el mismo presupone una separación de servicio, lo cual no ocurrió aquí (el término comienza a contar "desde que se dejasen de prestar los

respectivos servicios").[3]  Por consiguiente, a la Empleada no le aplica el término de tres (3) años dispuesto por el Código Civil.

V.

Por los fundamentos antes expresados, se confirma la *Resolución* recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] En *Acevedo Arocho,* 212 DPR a la pág. 357, se aclaró lo anterior al disponerse que el "**el referido término prescriptivo trienal no aplica cuando el empleado o empleada gubernamental no ha cesado sus servicios en determinada agencia**."  (Énfasis provisto).